Dear Mr. Dionisi:
You requested an opinion from the Attorney General regarding the Louisiana Deferred Compensation Plan (the "Plan"). You note that the Plan was established in accordance with R.S. 42:1301-1308 and Internal Revenue Code (IRC) Section 457. The Plan was established for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer by permitting such individuals the opportunity to defer a portion of their compensation into the Plan.
Currently, participants and employers are utilizing the Plan under the following scenarios:
 1. As a voluntary plan, with employee only deferrals, separate from and in addition to a primary retirement plan or Social Security coverage.
 2. As a mandatory plan, with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan, with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan, with employee contributions and employer match, as a supplemental retirement benefit, separate from and in addition to a primary retirement plan or Social Security coverage.
You stated that a question has been submitted by the Board of Commissioners for the Consolidated Gravity Drainage District #1 of Tangipahoa Parish (Board) as to whether Board Members could vote to participate in the employer matching contribution policy to the Plan in the same manner as the employees of the district. The district has established a benefit for employees as described in No. 4 above, under which the district offers employees a dollar for dollar match, up to 3.0% of salary.
In answer to your question, we have reviewed the laws and constitutional provisions relevant to this issue and can find no prohibition against the implementation of a voluntary supplemental retirement plan with employee contributions and employer match which will be separate from, and in addition to, a primary retirement plan. We specifically find that, if the plan constitutes an authorized pension program, voluntary and/or involuntary contributions made by an employer would not be prohibited under the Constitution and laws of this state. Article VII, Section 14(B)(2). In accord are Op.Atty.Gen. Nos. 02-51, 00-193, 99-236, 98-490, 96-162 and 95-473.
Further, we see no prohibition for such a plan to involve matching contributions by the employer on behalf of an employee and/or an elected or appointed official, with one exception. It is axiomatic that, if the maximum salary and/or per diem of a public official or employee is fixed by statute, that salary and/or per diem constitutes the maximum that can be received by the official or employee, in the absence of legislation providing otherwise. In this regard, we call your attention to R.S. 38:1794(B)(2)(a), which provides as follows:
B.
* * * * * * * * * *
 (2)(a) Members of the board of commissioners are authorized to receive compensation of not more than one hundred fifty dollars per day as determined by the board for each day such member shall be in actual attendance upon the regular or special meeting of the board, not to exceed thirty-six days in one year, and may be reimbursed any expenses actually incurred in performing the duties imposed upon him by virtue of his appointment. Any increase in compensation or increase or reimbursement of any kind to members of the board of commissioners must be approved by a two-thirds vote of the members of the board after public hearing, which has been advertised in the official journal of the drainage district on at least two separate occasions within a period of fifteen days preceding the meeting at which the vote is taken.
(Emphasis added)
Accordingly, it is the opinion of this office that a consolidated gravity drainage district may elect to make matching contributions to the Plan on behalf of an employee (whether classified or non-classified) and/or on behalf of an elected or appointed official (serving at a prescribed compensation level or per diem), and that the Board Members may elect to participate in the employer matching contribution policy of the district, subject to the limitation on compensation provided for under R.S. 38:1794. The Board Members' per diem and employer contribution may not exceed one hundred fifty ($150.00) dollars.
Care should be taken in the implementation of the plan so that the total amount of employee contributions eligible for shelter does not exceed that allowable under federal law. Any questions relating to federal laws on this subject matter should be directed to the Internal Revenue Service.
Trusting this adequately responds to your inquiry, we remain
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ______________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCC, JR./KLR;mjb